## Walter Panel v. The State.

### No. 3836.  Decided December 1, 1915.

### Rehearing denied January 12, 1916.

**1.—Local Option—Indictment—Jurisdiction.**

Where the indictment for violating the local option law followed approved precedent and the court had jurisdiction, there was no reversible error on that ground.

**2.—Same—Venue—Statement of Facts—Erasures—Amendment.**

Where it was claimed that an erasure was made in the statement of facts striking out the line showing that the venue was proved, and that this was done before the statement of facts was approved which the county attorney, the court's stenographer and the trial judge denied, stating that there was no erasure in the statement of facts when it was approved, and it also appeared from the stenographer's notes that the venue was proved on the trial of the case, there was no reversible error on that ground. Of course, a statement of facts can not be amended after it is approved and filed.

Appeal from the District Court of Rockwall.  Tried below before the Hon. Kenneth Foree.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*H. M. Wade,* for appellant, and *Walter Panel,* in person.—On question of amending statement of facts: Ratcliff v. State, 15 S. W. Rep., 596; Bingham v. State, 37 S. W. Rep., 753.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at one year confinement in the State penitentiary.

The indictment is in language frequently approved by this court, and the Act of the Thirty-third Legislature does not deprive the District Court of the Fourteenth Judicial District of criminal jurisdiction in Rockwall County.

The only serious question in the case is the one that questions the fact that venue was proven. The statement of facts came to this court with the lines showing that venue was proven erased by lead pencil marks. As the statement of facts was signed by the attorneys with pen and ink, this pencil erasure in the body of the statement of facts attracted the attention of the Assistant Attorney General and he wrote the county attorney of Rockwall County in regard to such erasure. The county attorney filed an affidavit stating that the erasure had been made by some one subsequent to the time the same was signed, approved by the trial judge, and filed, attaching to such affidavit the duplicate statement of facts showing no such erasure. One of the attorneys for appellant in reply to the affidavit of the county attorney also filed an affidavit, in which he swears the erasure was made before the statement of facts was signed by the attorneys and approved by the judge. Having this direct conflict in the affidavits of the attorney for the State and attorney for defendant, this court directed that the record be forwarded to Hon. Kenneth Foree, judge of said court, with the request that he state whether or not such erasure had been made prior to the time he approved the statement of facts. He has filed an answer, containing the affidavit of himself and the court stenographer, in which Judge Foree states there was no erasure in the statement of facts when he approved same. No one has any right to erase anything in a statement of facts after the trial judge has approved same, and we must and will consider the statement of facts as approved by the trial court, or strike from the record the statement of facts which he says has been mutilated since he signed it. Not only does Judge Foree send his affidavit, but he also has the stenographer transcribe and swear to the testimony of the witness Joe Bullock, in question and answer form, and it shows that the following question was propounded to the witness Bullock: "What county, town or State? Ans. In Rockwall County at Royse City." It is thus made manifest that venue was proven on the trial of the case, and while we could not and would not permit a statement of facts to be amended, nor altered after being signed, approved and

filed, yet we have authority (where a statement of facts shows erasures) to inquire into and find out whether or not such erasures were made prior to or subsequent to the time same was approved and filed. Under the affidavits of Judge Foree, Mr. Nesmith and County Attorney Billingsley we hold that the statement of facts when signed, approved and filed showed that venue had been proven, and the judgment is affirmed.

*Affirmed.*

[Rehearing denied January 12, 1916.—Reporter.]